## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES WILD AND** | * | |
| **KATHY WILD** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| Plaintiffs, | * | **Case No.:** |
| | * | |
| versus | * | |
| | * | |
| **THOMAS L. BRITT** | * | **Judge:** |
| **NFI FREIGHT, INC. AND** | * | |
| **NATIONAL UNION FIRE** | * | **Magistrate:** |
| **INSURANCE COMPANY** | * | |
| **OF PITTSBURGH, PA** | * | |
| **IN SOLIDO** | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**TO:**  **CHARLES WILD AND KATHY WILD**
Through their attorney of record,
William F. Kendig, La. Bar No. 17644
Rice & Kendig, LLC
1030 Kings Highway
Shreveport, LA 71104

**PLEASE TAKE NOTICE** that Defendant, NFI G & P Transportation, LLC (incorrectly referred to as "NFI Freight, Inc." and "NFI Interactive Logistics, LLC" in plaintiffs' Petition for Damages), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the action entitled *Charles Wild and Kathy Wild v. Thomas L. Britt, NFI Freight, Inc. and National Union Fire Insurance Company of Pittsburgh, PA in Solido,* Case No. 173438, Div. C, on the docket of the 21st Judicial District Court for the Parish of Livingston, State of Louisiana ("The State Court Action"), to the United States District

Court for the Middle District of Louisiana. In support of their Notice of Removal, Defendant respectfully represents that:

## DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000.00. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

2. Diversity jurisdiction is fixed at the time of removal. See *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990).

## DIVERSITY OF CITIZENSHIP

3. Defendants attach as Exhibit "A" a complete copy of the State Court Record (as of May 9, 2022).

4. On March 21, 2022, Charles Wild and Kathy Wild ("plaintiffs") commenced the captioned action by filing The State Court Action in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana. Plaintiffs named as defendants in the Petition: (1) Thomas L. Britt ("Britt"), (2) NFI G & P Transportation, LLC (incorrectly referred to as "NFI Freight, Inc." and "NFI Interactive Logistics, LLC" in plaintiffs' Petition for Damages) ("NFI"), and (3) National Union Fire Insurance Company of Pittsburgh, PA ("National Union") (collectively referred to as "Defendants").[1]

5. Plaintiffs assert that they "reside and are domiciled in Benton, Bossier Parish, Louisiana..."[2]. Accordingly, plaintiffs are citizens of the State of Louisiana for federal diversity jurisdiction removal purposes.

---

[1] *See* Exhibit "A": Plaintiffs' Petition for Damages.
[2] *Id.* at introductory paragraph.

6.      Plaintiffs assert that Thomas L. Britt "resides and is domiciled in 2516 Triangle Leaf Drive, Fort Worth, Texas, 76244".[3] Accordingly, Britt is a citizen of the State of Texas for federal diversity jurisdiction removal purposes.

7.      In their Petition, plaintiffs correctly allege that Defendant, NFI G & P Transportation, LLC, is a foreign business.[4] In fact, NFI G & P Transportation, LLC is a wholly owned subsidiary of NFI Interactive Logistics, LLC, which is a wholly owned subsidiary of NFI, L.P., which is a limited partnership owned by the following trusts: (1) Sidney R. Brown 2009 GST Exempt Family Trust; (2) Jeffery S. Brown 2015 GST Exempt Trust; and (3) Irwin J. Brown 2015 GST Exempt Family Trust. The trustees of the Sidney R. Brown 2009 GST Exempt Family Trust are Sandra Brown and Scott Brucker. Both Sandra Brown and Scott Brucker are domiciled in the State of Pennsylvania. Accordingly, Brown and Brucker are citizens of the State of Pennsylvania for federal diversity jurisdiction removal purposes. The trustees of the Jeffery S. Brown 2015 GST Exempt Trust are Daniel Cooper and Tracey Brown. Daniel Cooper is domiciled in the State of Pennsylvania. Accordingly, Cooper is a citizen of the State of Pennsylvania for federal diversity jurisdiction removal purposes. Tracey Brown is domiciled of the State of New Jersey. Accordingly, Brown is a citizen of the State of New Jersey for federal diversity jurisdiction removal purposes. The trustee of the Irwin J. Brown 2015 GST Exempt Family Trust is Scott Brucker, who as already established, is a Pennsylvania citizen. Accordingly, NFI is a citizen of the State of Pennsylvania and the State of New Jersey for federal diversity jurisdiction removal purposes.

---

[3] *Id*. at ¶ 1A.
[4] *Id*. at ¶ 1B.

8.      In their Petition, plaintiffs correctly allege that National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), is a foreign insurance company.[5] In fact, National Union is a foreign corporation with its state of incorporation in the State of Pennsylvania and its principal place of business in the State of New York. Accordingly, National Union is a citizen of the State of Pennsylvania and the State of New York for federal diversity jurisdiction removal purposes.

9.      Accordingly, complete diversity of citizenship existed between plaintiffs and all Defendants on the date of filing of this lawsuit and exists as of the date of this removal.

## AMOUNT IN CONTROVERSY

10.     In their Petition, plaintiffs allege to have sustained injuries from a motor vehicle accident on August 13, 2021.[6]

11.     Plaintiff, Charles Wild, was operating a 2016 Ford F-150 truck with a Casita camper behind the truck, traveling westbound on Interstate 12 in Livingston, Livingston Parish, Louisiana.[7] Plaintiff, Kathy Wild, was a guest passenger in the 2016 Ford F-150 truck.[8] At the same time and place, Defendant, Thomas L. Britt was operating a 2012 Kenworth T7 Series 18-wheeler, traveling westbound on Interstate 12.[9] Plaintiffs allege that they were slowing for traffic congestion when Britt, who was traveling directly behind plaintiffs, in the course of his employment with NFI, failed to slow down for plaintiffs' slowing vehicle, striking plaintiffs' truck and camper in the back, causing injury.[10]

---

[5] *Id*. at ¶ 1C.
[6] *Id*. at ¶ 5
[7] *Id*. at ¶ 2A, ¶3, and ¶4.
[8] *Id*. at ¶ 2C.
[9] *Id*. at ¶ 2E and ¶4.
[10] *Id*. at ¶ 4.

44881/1228340                                              4

12. Plaintiffs further allege that National Union issued NFI a commercial liability insurance policy which was in full force and effect at the time of the subject incident.[11]

13. Charles Wild, asserts multiple injuries arising from the accident, including headaches, neck injury and pain, back injury and pain, and hip injury and pain.[12] Plaintiff also asserts multiple categories of damages, including, "property damage, rental and loss of use, past and future medical expenses, medical report charges, past, present, and future pain and suffering, loss of enjoyment of life, and past, present, and future mental anguish and distress."[13]

14. Kathy Wild asserts multiple injuries arising from the accident, including headaches, neck injury and pain, and back injury and pain.[14] Plaintiff also asserts multiple categories of damages, including, "property damage, rental and loss of use, past and future medical expenses, medical report charges, past, present and future pain and suffering, loss of enjoyment of life, and past, present, and future mental anguish and distress."[15]

15. In their Petition, plaintiffs allege that the amount in controversy exceeds $75,000.00.[16]

16. Accordingly, it is facially apparent that the amount in controversy herein exceeds $75,000, exclusive of interests and costs.

## SERVICE AND TIMELINESS

17. The record establishes that NFI and National Union were served with a copy of the Petition for Damages on April 8, 2022.[17] Accordingly, as this Notice of Removal is being removed less than 30 days after service upon NFI, this Notice of Removal is timely. As this

---

[11] *Id.* at ¶ 8.
[12] *Id.* at ¶ 9.
[13] *Id.* at ¶ 10.
[14] *Id.* at ¶ 11.
[15] *Id.* at ¶ 12.
[16] *Id.* at ¶ 13.
[17] *See* Exhibit "A."

matter is being removed within 30 days of service upon NFI, this Notice of Removal is timely sought. Each defendant has 30 days from service to seek removal to federal jurisdiction under 28 U.S.C. section 1446(b)(2)(B). See *First Choice Surgery Cntr. Of Baton Rouge, LLC v. United Healthcare Services, Inc.*, 2012 U.S. Dist. LEXIS 106626, *7-8 (M.D.La. July 30, 2012); citing *Brown v. S.L. Netterville Logging, Inc.*, 2009 U.S. Dist. LEXIS 54233, *3 (M.D.La. June 26, 2009); *Backes v. Colonial Life & Accident Ins. Co.*, 2006 U.S. Dist. LEXIS 15501, *2 (E.D.La. April 4, 2006); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D.La. 2001); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D.La. 1996); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811, 812-13 (W.D.La. 1983).

18. Furthermore, the court has not received proof of service on Britt. As such, his consent to removal is not required at this time

19. Additionally, 28 U.S.C. §1446(b)(2)(C) provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."

## REMOVAL PROCEDURE

20. A copy of this Notice of Removal is being served upon plaintiffs.

21. The Certificate of Filing State Court Notice of Removal, which includes the Notice to the Clerk of Court for the 21st Judicial District Court for the Parish of Livingston, State of Louisiana, which has been filed in that Court, is attached hereto as Exhibit "B".[18]

---

[18] *See* Exhibit "B."

22. In compliance with the requirements of 28 U.S.C. § 1446(b)(2), "all Defendants properly joined and served" have consented in the removal of this action.[19]

23. Defendant will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

24. Defendant reserves and maintain its rights to assert any defenses and submit any motions in response to the Petition, including but not limited to those defenses and motions specifically and enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE**, Defendant, NFI G & P Transportation, LLC (incorrectly referred to as "NFI Freight, Inc." and "NFI Interactive Logistics, LLC" in plaintiffs' Petition for Damages), hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Palvin S. Jhita*
**LOUIS P. BONNAFFONS**, #21488 (T.A.)
**ROBERT L. BONNAFFONS**, #18564
**MISHA M. LOGAN-JOHNSON**, #36552
**PALVIN S. JHITA**, #37740
Leake & Andersson LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
Tel: 504/585-7500    Fax: 504/585-7775
Email: lbonnaffons@leakeandersson.com
          rbonnaffons@leakeandersson.com
          mlogan@leakeandersson.com
          pjhita@leakeandersson.com
***Attorneys for Defendants, NFI G & P Transportation, LLC and National Union Fire Insurance Company of Pittsburgh, PA***

---

[19] *See* Exhibit "C", Consent to Removal by National Union Fire Insurance Company of Pittsburgh, PA.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, or by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by hand delivery, or by e-mail or by facsimile transmission, on **May 9, 2022**.

                                                    */s/ Palvin S. Jhita*